IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROSE OMINSKI** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:09CV755-LG-RHW** |
| | § | |
| | § | |
| **NORTHROP GRUMMAN** | § | |
| **SHIPBUILDING, INC., and** | § | |
| **PLUMBER AND STEAMFITTERS** | § | |
| **LOCAL UNION 436** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration [88] filed by Rose Ominski. She seeks reconsideration of this Court's Memorandum Opinion and Order[86] granting summary judgment in favor of the defendants. Northrop Grumman Shipbuilding, Inc., has filed a response in opposition to the Motion, and the Plumber and Steamfitters Local Union 436 has joined in that response. Ominski filed a reply in support of her Motion. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

### DISCUSSION

Ominski filed this lawsuit against the defendants, alleging several claims related to her discharge. The Court granted summary judgment in favor of the defendants on February 1, 2011. Ominski filed the present motion seeking reconsideration on February 10, 2011, and she filed a Notice of Appeal on March 1, 2011, before briefing was completed as to her motion for reconsideration. Pursuant to

Fed. R. App. P. 4(a)(4)(B)(I), a notice of appeal that is filed before a court rules on a motion for reconsideration becomes effective to appeal a judgment or order when the order disposing of the last motion to reconsider is entered. Therefore, this Court has jurisdiction to consider Ominski's Motion to Reconsider.

Ominski seeks reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60, alleging that the Court made legal errors. Pursuant to Fed. R. Civ. P. 59(e), a motion to set aside a court order may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) Motion should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F. 2d 1154, 1159 (5th Cir. 1990). Rule 60(a) permits a court to correct a clerical mistakes, while Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Ominski alleges that the Court made a mistake when it granted summary judgment in favor of the defendants for several reasons, and she asserts that there is a need to correct a manifest error in law. The Court will discuss each of her


arguments.

First, Ominski argues that the Court erred by discussing her tortious interference claim, because that claim was omitted from her most recent complaint. However, Ominski mentioned her tortious interference claim on page three of her Memorandum in Opposition to the defendants' Motion for Summary Judgment. She also alleged in her most recent Amended Complaint [63] that the defendants "unilaterally interfered with her opportunity to fulfill the terms and conditions of the Indenture Contract as previously stated." As a result, the defendants sought dismissal of this claim, and the Court considered the defendants' request. Moreover, if Ominski does not intend to pursue a tortious interference claim, this Court's dismissal of that claim could not be considered error that justifies overturning the Memorandum Opinion and Order Granting Summary Judgment in favor of the defendants.

Ominski next argues that a genuine issue of material fact exists regarding whether she was an at will employee, whether the attendance policy relied on by the defendants applied to her, whether her absences were excused or unexcused, whether she was treated more harshly than other employees in the apprenticeship program, and whether Northrop Grumman had just cause or good cause to terminate her. Ominski also rejects the Court's determination that she admitted that she had missed time from work on seven occasions. Furthermore, she asserts that attendance violations are considered infractions and do not constitute good cause. With regard to her breach of contract claim, she asserts that the Court erred by only considering the Collective Bargaining Agreement. She claims that the Standards of Apprenticeship

should also be considered. She also argues that the probation clause in the CBA does not apply to her, because she was a student apprentice rather than a new production or maintenance worker. She further claims that the fact that she received holiday pay for July 4th demonstrates that she was not on probation, but she has not provided evidence supporting this claim to the Court.

As this Court has previously held, Ominski has only provided one attendance policy that she signed. By signing that policy, she acknowledged that she had read and understood it. Any reliance on her part upon another attendance policy was unreasonable. Furthermore, it is unclear how Ominski could now dispute that she missed time from work on seven occasions (including four days on which she was absent an entire day, two occasions on which she was late, and one occasion on which she left early), since she described each of these instances in detail in her affidavit. At most, she has tried to explain away her absences by giving the reasons for her missed time. The only attendance policy that Ominski signed permitted no more than two excused attendance violations of any type and no unexcused lost time. As a result Northrop Grumman could have terminated Ominski after the very first time that she was one hour late for work, but it chose not to do so. It allowed her a total of seven instances of lost time before it terminated her, which was very lenient. In opposition to the Motion for Summary Judgment, Ominski relied on an affidavit of another apprentice that was terminated after only three or four instances of missed work. Thus, Ominski's evidence demonstrated not only that she had violated the attendance policy, but that she was treated more favorably than other workers. The only other

evidence that Ominski has relied on in support of her claim that she was treated less favorably is a summary that she prepared from the other apprentices' employment records. She did not provide the employment records to the Court. Nevertheless, it appears that all of the employees, including Ominski, were given some leniency with regard to the attendance policy.

Furthermore, Northrop Grumman and the Union had agreed in the Collective Bargaining Agreement that "[a]ll new employees covered by this Agreement shall be considered to be on probation for the first sixty (60) days of employment exclusive of testing and preparatory training. During the probation period, the Company may, at its option and without limitation, transfer, lay off, or dismiss such employee." (Ex. C to Def.'s Mot. at 19). Therefore, Northrop Grumman could terminate Ominski for any reason.

Ominski's arguments that the Standards of Apprenticeship should apply rather than the CBA are likewise without merit, because the Standards of Apprenticeship clearly state that they "are subject to the terms of existing and subsequent bargaining agreements made collectively and separately between . . . Local 436 and Northrop Grumman . . ." and "will not alter any provisions established through collective bargaining." (Ex. G to Def.'s Mot. [71] at 5, 12). Furthermore, Ominski's argument that the Program Registration and Apprenticeship Agreement creates a specific term of employment is without merit in that the Agreement specifically states that the probationary period is 1000 hours, while Ominski served as an apprentice for less than four months.

Her arguments that the probation period did not apply to her are also without merit. The CBA clearly states that *all* new employees are subject to the probationary period. Therefore, there is no genuine issue of material fact that Northrop Grumman was entitled to terminate Ominski during the probation period without limitation. As a result, this Court properly found that the defendants were entitled to judgment as a matter of law as to her wrongful termination claim, breach of contract claim, and breach of duty of fair representation claim.

In addition, Ominski claims that her claim for unlawful termination is a separate claim that was not addressed by the Court in its Memorandum Opinion and Order. This claim is not a separate cause of action but is redundant of her wrongful termination and breach of contract claims.

Ominski also now seeks to expand her negligent misrepresentation claim to include her claim that she was told that she could take all the time she needed upon learning that her brother had been injured in an accident. She also now claims that she was never told her absenteeism was an issue and would place her in jeopardy of losing her apprenticeship. She also claims that the defendants committed negligent misrepresentations by failing to treat her absences as excused and by failing to uniformly apply the attendance policy to all of the apprentices. Finally, she rejects the Court's conclusion that any damages she suffered were not caused by her reliance on any alleged negligent misrepresentation claim, by stating, "[n]o reasonable person on the planet would agree that loosing [sic] an opportunity to retrain in a profession, that is in great demand and would eventually lead to financial reward and job security, does

not constitute some sort of loss or result in damages."

Ominski could have and should have raised these arguments concerning her negligent misrepresentation claim in opposition to the Motion for Summary Judgment. She initially only alleged that the defendants had misrepresented her union status. Therefore, the Court is not required to consider these new arguments at this stage of the litigation. Nevertheless, the Court notes that any promises of leniency that were made to Ominski were honored for the reasons set forth above.

Furthermore, Ominski fails to recognize the required elements for asserting a negligent misrepresentation claim. In order to establish a negligent misrepresentation claim, a plaintiff must prove by a preponderance of the evidence: (1) a misrepresentation or omission of fact; (2) that the representation or omission is material or significant; (3) a failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on the misrepresentation or omission; and (5) damages as a direct result of such reasonable reliance. *Bank of Shaw v. Posey*, 573 So. 2d 1355, 1360 (Miss. 1990). Therefore, Ominski was required to demonstrate that her damages *were caused by* her reliance on the alleged misrepresentation as to her union membership. This Court held that any damages suffered were not caused by reliance on a misrepresentation. This lack of causation was demonstrated by Ominski's deposition testimony, as explained in this Court's Memorandum Opinion and Order.

Furthermore, Ominski claims that her lawsuit should proceed, because the defendants did not permit her to file a grievance. However, this merely permitted Ominski to file this lawsuit without exhausting the grievance procedures. *See Boone*

*v. Armstrong Cork Co.*, 384 F.2d 285, 288 (5th Cir. 1967). Furthermore, a union is not required to process a frivolous grievance, such as that at issue here. *Boone*, 384 F.2d at 288. As a result, Ominski's arguments are without merit.

Finally, Ominski also claims that the Court should not have denied her Motion to Compel [65]. United States Magistrate Judge Robert H. Walker correctly held that the Motion to Compel was untimely. Ominski's *pro se* status does not permit her to violate the Court's scheduling orders or the rules of court. In addition, Ominski did not file a motion requesting a stay of the ruling on the defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d), so that she could have additional time to seek the discovery she sought. Finally, it does not appear that any of the information sought by Ominski in her Motion would have assisted her in demonstrating the existence of a genuine issue of material fact. It appears that she primarily sought confidential information concerning her co-workers. Ominski was, however, provided with redacted employment records concerning these employees, which she summarized in her opposition to the Motion for Summary Judgment. Her summary did not demonstrate the existence of a genuine issue of material fact.

Therefore, after a thorough review of Ominski's Motion and Memorandum, as well as the summary judgment record in this matter and the applicable law, the Court finds that Ominski has not demonstrated that the Court erred when it granted summary judgment in favor of the defendants. As a result, the Motion to Reconsider is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Reconsideration [88] filed by Rose Ominski is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of April, 2011.

                                         s/ *Louis Guirola, Jr.*
                                         Louis Guirola, Jr.
                                         United States District Judge